UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Alan F. Beane and
Mii Technologies, LLC,
    Plaintiff and
    Nominal Plaintiff

    v.       Civil No. 06-cv-446-SM
        Opinion No. 2008 DNH 007

Glenn L. Beane and
Glenn Beane, LLC,
    Defendants and
    Third-Party Plaintiffs

    v.

Alan F. Beane; Mii
Technologies, LLC;
and Sara E. Beane,
    Counterdefendants and
    Third-Party Defendants

**O R D E R**

Several motions to dismiss are currently pending in this case. However, examination of plaintiffs' amended verified complaint (document no. 14) reveals significant jurisdictional issues that ought to be addressed before turning to the merits. See Espinal-Dominguez v. Commw. of P.R., 352 F.3d 490, 495 (1st Cir. 2003) ("Because federal courts are powerless to act in the absence of subject matter jurisdiction, [they] have an unflagging obligation to notice jurisdictional defects and to pursue them on [their] own initiative.") (citations omitted).

In paragraph 62 of their complaint, plaintiffs state that jurisdiction is proper under 28 U.S.C. 1332 because "Plaintiff Alan Beane is a resident of a different state than the other Parties to this Action."  But, in paragraph 63, plaintiffs state that "[t]he Defendants and Plaintiff Mii are residents of the State of New Hampshire."  The co-residence of one plaintiff and all defendants in the same state defeats diversity jurisdiction under 28 U.S.C. § 1332.  "The diversity requirement of § 1332 must be complete.  In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action."  In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806)).

Without complete diversity, this court has subject matter jurisdiction only if plaintiff has raised a federal question.  See 28 U.S.C. §§ 1331.  The only potential federal question appears in Count IX of plaintiffs' amended complaint, captioned "Lanham Act § 43(a) Unfair Competition/False Designation of Origin."

In Count IX, plaintiffs assert that "Glenn Beane misrepresented that he is the source of the press technology and

2

that he owns the intellectual property relating thereto." (Am. Compl. ¶ 112.) That assertion appears to be based upon the following factual allegation: "During the course of negotiations [between Mii and Lovejoy], Lovejoy confirmed that it had entered into an agreement with Glenn Beane and that Glenn Beane had represented that he owned all the intellectual property used in the press systems and held clear title thereto."[1] (Id. ¶ 55.) According to plaintiffs, "Glenn Beane's misrepresentation that he is the source of the press technology and that he owns the intellectual property relating thereto constitutes a false designation of origin that is an unfair and deceptive trade practice in violation of 15 U.S.C. § 1125(a)." (Id. ¶ 113.)

Plaintiffs' theory of Lanham Act liability is untenable. In Digigan, Inc. v. iValidate, Inc., No. 02 Civ. 420(RCC), 2004 WL 203010 (S.D.N.Y. Feb. 3, 2004), the district court explained:

> The Amended Complaint alleges that Defendants violated section 43(a) of the Lanham Act by making false and misleading representations concerning

---

[1] Regarding the actual ownership of the intellectual property, plaintiffs allege: "Glenn Beane was named as an inventor on all patents and patent applications related to the press technology developed by Mii and, prior to 2004, executed formal assignments of his rights in all such inventions to Materials [Innovation, Inc.], who has exclusively licensed those patents to Mii." (Am. Compl. ¶ 12.)

3

Defendants' rights in one of the patents. (Compl. ¶ 36.) These misrepresentations allegedly were made in the course of Defendants' website advertising of products protected by the patent. (Id.) The gravamen of Plaintiff's claim is that Defendants, in marketing their products, falsely stated that they owned the patent that Plaintiff received from iValidate under the security agreement. Thus, the alleged misrepresentations concerned the patent, not any products or services. A patent is not a "good or service" as those terms are used in the Lanham Act. See Hans-Jurgen Laube & Oxidwerk HJL AG v. KM Europa Metal AG, No. 96 Civ. 8147(PKL), 1998 WL 148427, at *2 (S.D.N.Y. Mar. 27, 1998) (citing Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc., 75 F.3d 1568, 1574-75 (Fed. Cir. 1996)).

In Hans-Jurgen, the plaintiffs alleged that the defendant violated section 43(a) when it falsely claimed ownership of a patent. Id. Judge Leisure concluded that the cause of action arose out of misrepresentations regarding ownership of the patent, and noted that the Federal Circuit has held that a patent is not a "good or service" under section 43(a) of the Lanham Act. See id.

Plaintiff responds that its Lanham Act claim is valid because Defendants advertised "products embodying technology protected by the Patent." (Compl. ¶ 36.) However, drawing all reasonable inferences in Plaintiff's favor, the Amended Complaint does not allege any "false or misleading representation of fact" "in connection with any goods or services." See 15 U.S.C. § 1125. The patent, and not any product or service, is at the center of the controversy between the parties.

First, the only misrepresentations alleged occurred when Defendants claimed to own the patent or to be licensees of the patent. (See Compl. ¶ 35.) Second, the reason that Plaintiff claims the statements were false was that it, and not Defendants, actually own the patent. (See id. ¶ 37.) Finally, Plaintiff's vague reference to Defendants' "products embodying technology" does not allege the necessary connection

4

>     between the misrepresentations of fact and goods or
>     services.  Even paragraph 36 of the Amended Complaint,
>     in which Plaintiff mentions Defendants' products, only
>     alleges misrepresentations in connection with
>     Defendants' rights to the patent, not with the products
>     themselves.  Thus, the Court concludes that Plaintiff
>     has alleged misrepresentations of fact in connection
>     with a patent, not goods or services.  Therefore, the
>     Lanham Act claim is dismissed.

Id. at *5.

## Conclusion

The persuasive reasoning of Digigan, applied to the facts of this case, would require dismissal of plaintiffs' Lanham Act claim, which is the sole federal question presented in the amended complaint.  Since the parties have not identified the issue and have not had an opportunity to address it, plaintiffs may either seek voluntary dismissal of their complaint, or show cause on or before February 10, 2008, why their Lanham Act claim should not be dismissed, and why, if it is, this court should exercise supplemental jurisdiction over their state law claims.  (The prevailing rule is that "[w]hen federal claims are dismissed before trial, state claims are normally dismissed as well." McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 74 (1st Cir. 2003) (citing Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998))).  In the meantime, the pending motions to dismiss for

lack of standing, etc. (document nos. 15, 16, 17, 44, and 46) are denied, without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 15, 2008

cc:   William S. Gannon, Esq.
      W.E. Whittington, Esq.
      Michael J. Persson, Esq.