UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Alan F. Beane, et al.

    v.                            Civil No. 06-cv-446-SM

Glenn L. Beane, et al.

**O R D E R**

In a prior attachment order (Document no. 52), I set forth an extensive set of facts, the standard for attachments in New Hampshire and granted part of Glenn Bean's prior petition, but denied the portion relating to reimbursement for payments to HOCO, LLC.  The counterclaim plaintiff seeks a second shot at that apple (Document no. 56).  The amount at issue is $11,000.00.

**BACKGROUND**

The $11,000.00 consists of two $2,000.00 payments to HOCO and $7,000.00 in attorneys fees in settling claims against Glenn Beane by HOCO, LLC.  The settlement did not resolve the claims in that suit against either Materials Innovation, Inc. (MMI) or Alan Beane.  Def. Ex. S.  Glenn and Alan Beane guaranteed MII's obligations under a real estate lease dated June 23, 1994.  Def. Ex. O.

At some point in time, MII turned the space over to Mii Technologies, LLC (Mii).  Apparently, there was no formal assignment of the lease between MII and Mii and no agreement to the assignment by HOCO.

In 1997 Mii agreed to pay for the cost of leasing a facility which MII intended to lease.  Def. Ex. D. ¶3.1.  MII was dissolved in 1993.  The HOCO settlement by Glenn Beane was in October of 2004.  The HOCO suit sought rent from MII alleging that it owed $33,087.46 in rent, taxes and fees.  Despite his current position that Mii occupied the building and agreed to pay the rent, his Motion to Strike Default dated May 5, 2004 contains a judicial admission that "the corporate defendant", i.e. MII, occupied the premises.  Def. Ex. O, ¶4.

Neither MII nor Glenn Beane sought to file a third party claim against Mii in the HOCO case.  Thus, Mii had no opportunity to defend and no notice of suit has been shown.  Further, Glenn Beane stated that he had no valid guarantee for the period in question.  Def. Ex. O, ¶¶3-4.  That judicial admission is binding.  His claim that he paid on a guarantee for which he is entitled to indemnity is not strong.  He simply settled a doubtful claim for nuisance value, no indemnity rights attached.

On the $11,000.00 claim Glenn Beane has not shown a likelihood of success by a "greater than... preponderance of the evidence..." See <u>Diane Holly Corp. v. Bruno & Stillman Yacht Co.</u>, 559 F. Supp. 559, 561 (D.N.H. 1983). The petition (Document no. 56) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 4, 2008

cc: William S. Gannon, Esq.
    W.E. Whittington, Esq.